

INSTITUTE FOR JUSTICE

September 12, 2025

**<u>Via ECF</u>**

Christopher G. Conway
Clerk of Court
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

Re:   *Amya Sparger-Withers* v. *Joshua N. Taylor, et al.*, No. 24-1367

Dear Mr. Conway:

Consistent with Rule 1.12(c)(2) of the Indiana Rules of Professional Conduct, I write to advise the Court that Tate Cooper joined the Institute for Justice as a litigation fellow on September 8, 2025. Mr. Cooper served as a law clerk to Chief Judge Sykes from August 2024 to August 2025.

Consistent with Rule 1.12, Mr. Cooper has been and will continue to be screened from participation in this case. Ind. Rule of Professional Conduct 1.12(c)(1); *accord* Ill. Rule of Professional Conduct 1.12(c)(1); ABA Model Rule of Professional Conduct 1.12(c)(1). All employees at the Institute for Justice have been informed that Mr. Cooper can have no involvement with the case. All employees also have been directed not to discuss the case with Mr. Cooper or share any information about the case with him. A wall has been implemented on our document-management system to prevent his computer credentials from accessing the electronic files on the case. And he will be apportioned no part of any fee from the case.[*]

---

[*] For several reasons, Rule 1.12 may not apply here. For example, the Rule applies only to former clerks who participated "personally and substantially" in a case during their clerkship. Ind. Rule of Professional Conduct 1.12(a). Because Mr. Cooper's work during his clerkship is confidential, we do not know whether or to what extent he participated in this case. In addition, while the Indiana Rules of Professional Conduct have been adopted by the district court from which this appeal originates, S.D. Ind. Local Rule 83-5(f), this Court appears not to have adopted any particular State's rules of professional conduct. (On at least one occasion, though, the Court appears to have applied the rules of the forum state of the district court from which the appeal originated. *Doe* v. *Nielsen*, 883 F.3d 716, 718-19 (7th Cir. 2018).) In any event, to avoid casting any doubt on the integrity of these proceedings, we have screened Mr. Cooper from this case consistent with the requirements of Rule 1.12. *Cf. In re Snyder*, 472 U.S. 634, 644 (1985) (noting that Federal Rule of Appellate Procedure

Christopher G. Conway  
Clerk of Court  
September 12, 2025

I would appreciate your circulating this letter to the members of the panel. A copy of this letter also will be provided to our client, Amya Sparger-Withers.

                Sincerely,

                /s/ Samuel B. Gedge  
                Samuel B. Gedge

                *Counsel for Appellant*

cc: James A. Barta and William N. Riley (via ECF)

---

46(b) "reflects the burdens inherent in the attorney's dual obligations to clients and to the system of justice").