

INSTITUTE FOR JUSTICE

January 30, 2026

**Via ECF**

Christopher G. Conway
Clerk of Court
U.S. Court of Appeals for the Seventh Circuit
Everett McKinley Dirksen United States Courthouse
219 S. Dearborn Street
Room 2722
Chicago, IL 60604

Re: *Amya Sparger-Withers* v. *Joshua N. Taylor, et al.*, No. 24-1367

Dear Mr. Conway:

At various points in this appeal, appellees have asserted that a two-year limitations period prevents Joshua Taylor from re-filing his civil-forfeiture action against Amya Sparger-Withers. *E.g.*, Appellees' 28(j) Ltr. (Oct. 11, 2024). The expiration of that limitations period, they say, mooted her individual claim. Among other responses, Sparger-Withers has observed that, to the extent Indiana limitations periods matter at all to the justiciability analysis, Taylor could well invoke a five-year limitations period, not just a two-year one. Appellant's Response Ltr. (Oct. 17, 2024).

It is now over five years since the alleged offense triggering Taylor's original civil-forfeiture action. Dist. Ct. Doc. 6-13, at 1 ¶¶ 1-2 (noting that currency was seized January 29, 2021). This development moots neither Sparger-Withers's individual claim nor the class claim.

*First*, even if the five-year limitations period forecloses Taylor from pursuing the same $6,096 again, it does not prevent him from violating Sparger-Withers's due-process rights again in connection with other property. For her individual claim, that is what matters under the voluntary-cessation doctrine. Appellant's Reply 19-21.

*Second*, the class claim would remain justiciable regardless. The district court certified the class in 2022, well before the five-year limitations period expired (and, for that matter, before any two-year period expired as well). And "a class action is not rendered moot when the named plaintiff's individual claim becomes moot *after* the class has been duly certified." *Genesis Healthcare Corp.* v. *Symczyk*, 569 U.S. 66, 74 (2013); *see also Franks* v. *Bowman Transp. Co.*, 424 U.S. 747, 753-54 (1976); *Wiesmueller* v. *Kosobucki*, 513 F.3d 784, 785-86 (7th Cir. 2008). Below, the district court had jurisdiction at the time of certification—under any of the three justiciability doctrines addressed in our briefs—and appellees do not argue

that certification was otherwise improper. *See Henry* v. *Hulett*, 969 F.3d 769, 787 (7th Cir. 2020) (en banc) (noting that for an appellee to challenge a district-court certification order requires a cross-appeal). Any post-certification development that might moot Sparger-Withers's individual claim thus does not affect this Court's jurisdiction over the claim of the class she represents.

                                                Sincerely,

                                                /s/ Samuel B. Gedge
                                                Samuel B. Gedge

                                                *Counsel for Appellant*

cc: James A. Barta and William N. Riley (via ECF)